[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Gregory S. Vogel, brings this action to recover for injuries sustained while exiting a ski lift at a facility owned and operated by the defendant, Mohawk Mountain Ski Area, Inc.
On January 14, 2000, at approximately 8 p.m., the plaintiff was using a ski lift in order to travel to the top of the mountain.
As he approached the top of the mountain, he attempted to exit the ski lift when his arm became trapped in the seat, and he was unable to get off the lift.
As a result of becoming entangled in the ski lift, the plaintiff claims to have sustained injuries to his arm and hand including a fracture of two bones in his right forearm.
In his complaint, the plaintiff alleges that the defendant, Mohawk Mountain Ski Area, Inc., acting through its agents and employees, was negligent in one or more of four (4) specific ways:
 (a) it failed to operate the ski lift safely and with a reasonable degree of care;
 (b) it failed to operate the ski lift in a manner that would have allowed the Plaintiff to safely exit the chair in which he was seated;
 (c) it failed to stop the ski lift within a reasonable time after the Plaintiff became entangled in the chair; and
 (d) it failed to adequately train and supervise its agent and employees to operate the ski lift in a safe and reasonable manner.
In its answer, dated February 19, 2002, the defendant included three CT Page 9139 special defenses.
The first special defense contends that the plaintiff s claim is barred by the provisions of § 29-212[1] of the General Statutes, in that he assumed the risk of boarding the chair lift without proper knowledge of procedures, or without having read certain instructions posted at the base of the ski lift.
The second special defense maintains that the plaintiff purchased a ski lift ticket containing preprinted language, whereby Gregory Vogel assumed the risks and responsibility for any injury inherent in the sport of skiing/snowboarding, and agreed not to sue the defendant, Mohawk Mountain Ski Area, Inc., in the event of an injury.
The third special defense claims that any injuries sustained by the plaintiff were caused, in whole or in part, by his own negligence.
The plaintiff moves to strike the first and second special defenses, claiming that they are insufficient as a matter of law.
 STANDARD OF REVIEW
A motion to strike tests the legal sufficiency of a pleading. Ferryman v.Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39.
A motion to strike admits all well pleaded facts, and a court faced with a motion to strike a portion of a pleading must construe all facts in a manner most favorable to the nonmoving party. Rowe v. Godou,209 Conn. 273, 278 (1988); Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988).
If facts provable in a pleading would support a cause of action or a defense to a cause of action, then the motion to strike the action or defense must be denied. Waters v. Autuori, 236 Conn. 820, 825-26 (1996).
 DEFENSE PLED PURSUANT TO § 29-212 OF THE GENERAL STATUTES IS PROPERLY ASSERTED
The plaintiff claims that the first special defense should be stricken for two reasons: (1) the statute was intended to apply only to downhill skiing; and (2) because the injury was allegedly caused by the negligent operation of the ski lift, the statute is inapplicable.
Neither argument is persuasive.
Section 29-212 of the General Statutes places upon an individual skier CT Page 9140 the responsibility for any personal injury sustained as a result of "hazards inherent in the sport of skiing."
By way of illustration, the statute enumerates six (6) examples of such hazards, including "(5) boarding a passenger tramway without prior knowledge of proper loading and unloading procedures or without reading instructions concerning loading and unloading posted at the base of such passenger tramway or without asking for such instructions. . . ."
The defendant's special defense, which includes language adopted directly from the statute, concerning a hazard inherent in the sport of skiing, contains a proper allegation of a defense to the cause of action, which may be raised by way of special defense.
The plaintiff further contends that the defense is not available to the defendant, because he was not engaged in skiing at the time he sustained injury.
Gregory Vogel was snowboarding at the time of the incident, January 14, 2000.
Although the plaintiffs argument finds some support in the legislative history surrounding § 29-212 of the Connecticut General Statutes, it flies in the face of the clear and unambiguous language of § 29-201
(e) of the General Statutes.
That statute defines a "skier" as: "(2) a person utilizing the passenger tramway whether or not that person is a skier, including riders on a passenger tramway operating during the nonskiing season."
The provisions of § 29-212 apply to the plaintiff, given his status as a ski lift passenger at the time of the incident.
The plaintiff s motion to strike the first count must therefore be denied.
 THE SECOND SPECIAL DEFENSE IS VOID, AS CONTRARY TO PUBLIC POLICY AND ABOLITION OF THE ASSUMPTION OF RISK DEFENSE
The defendant's second special defense claims that the plaintiff assumed the risk and legal responsibility for any injury sustained, based upon preprinted language included on the ski lift ticket which he purchased.
The lift ticket contained the following language: CT Page 9141
 As a purchaser of this ticket, I recognize that snow sports have inherent risks participants must assume. These include variations in weather, snow cover 
terrain, naturally occurring manmade obstacles, snowmaking grooming equipment. Falls collisions do occur injuries may result. I assume all risk of injury or loss/damage to property and agree not to sue. . . .
The defendant does not claim that the plaintiff signed any document containing the language printed on the lift ticket, or that the language was explained to him by any of the defendant's agents or employees before he boarded the ski lift.
By raising the preprinted language in the lift ticket by way of special defense, the defendant seeks to abdicate and avoid the duty owed by the possessor of land to one coming onto the land, carrying the status of a business invitee.
There can be no question, based upon the facts alleged, that the plaintiff satisfies all of the requirements of a business invitee.
He was present on the property at the time of the incident for a purpose connected with the defendant's business.
The defendant's second special defense seeks to transform one who is a business invitee into one to whom no duty of care is owed by the owner or person in possession of the property.
Although not invalid per se, the law does not favor contract provisions which seek to relieve a party from the consequences of his own negligence. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,413 (1982). Preprinted forms of the type presented here are particularly disfavored when entered into by professional service providers in the course of dealings with the general public. Mattegat v. Klopfenstein,50 Conn. App. 97, 103-04 (1998). Mattegat involved a clause in a home inspection contract, limiting any liability of the defendant home inspector to two hundred twenty-five ($225) dollars, the cost of the home inspection.
The Appellate Court held that the clause was not an enforceable disclaimer provision, absent the express assent of both parties to the agreement. Mattegat v. Klopfenstein, supra, 104.
Here, the purported disclaimer was not included within any document CT Page 9142 signed by the plaintiff.
Nor does the language of the disclaimer expressly relieve the defendant of responsibility for the negligent acts or its agents and employees.
The defendant seeks to use the doctrine of assumption of the risk, in its most Draconian form, notwithstanding the abolition of assumption of the risk by statute.[2]
The defendant cannot avoid or minimize its duty owed to the plaintiff, Gregory Vogel, by resort to a preprinted disclaimer which is not part of a signed agreement and which does not, by its express terms, absolve the defendant or its agents and employees of responsibility for negligent conduct.
 CONCLUSION
The plaintiff s motion to strike the defendant's first special defense is DENIED.
The plaintiff's motion to strike the defendant's second special defense is GRANTED.
 ___________________ Radcliffe, J.